United States District Court
Southern District of Texas
**ENTERED**
January 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SANG MINH TRAN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-00192** |
| | § | |
| **PAMELA BONDI,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner Sang Minh Tran's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss, and in the alternative, for Summary Judgment (ECF No. 7). After considering the briefing and applicable law, the Court hereby **GRANTS** Petitioner's Petition for Writ of Habeas Corpus.  Respondents' Motion to Dismiss is **DENIED**.

Petitioner Sang Minh Tran, a citizen of Vietnam, has been in ICE detention since November 12, 2025. His removal order became final on March 21, 1999. After his removal order became final, he remained in post-order detention until March 29, 2000, before being released on an Order of Supervision. He spent more than a year in custody after his removal order became final, not including the current period of detention.

The Immigration and Nationality Act ("INA") typically allows the United States Government ninety days to remove a noncitizen following a final order of removal. 8 U.S.C. § 1231(a)(1). Continued detention after a final removal order is presumptively reasonable for six months; after six months, continued confinement raises constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 690, 701 (2001). In this case, ninety-day removal period set forth in 8 U.S.C.

§ l23l(a)(l)(A) expired on June 19, 1999. Petitioner spent 189 days in post-removal order detention between 1999 and 2000. Aggregating his post-removal order detention from 1999 to 2000 and from 2025 to 2026, Petitioner has been in ICE detention for at least 453 days.[1] His removal order has been final for more than twenty-six years.

Whether by aggregating Petitioner's post-removal order detention or considering the more than fifteen years the removal order has been final with no steps taken towards effectuating removal, the Court finds that the presumption of reasonability is either inapplicable or rebuttable. Many district courts in recent months have held similarly. *See, e.g.*, *Nguyen v. Hyde*, No. 25-cv-11470, 2025 WL 1725791 (D. Mass. June 20, 2025); *Tadros v. Noem*, No. 25-cv-4108, 2025 WL 1678501 (D.N.J. June 13, 2025); *Zavvar v. Scott,* No. CV 25-2104-TDC, 2025 WL 2592543, at *6 (D. Md. Sept. 8, 2025).

Per Respondents, travel documents have, at most, only been requested, and Petitioner's home country has not indicated a willingness to accept him or issue travel documents in the immediate future. ECF 7, Ex. 5 at 3. The request for travel documents was not initiated until December 10, 2025, almost a month after Petitioner's re-detention. Therefore, the Court finds that there is not a significant likelihood that removal will occur in the reasonably foreseeable future. Petitioner's due process rights under *Zadvydas* have been violated, and the appropriate remedy is release.

---

[1] Many district courts have held that the *Zadvydas* period is cumulative and that periods of re-detention should be aggregated with the initial period of detention following the final removal order. *See, e.g.*, *Siguenza v. Moniz*, 2025 WL 2734704, *3 (D. Mass. Sept. 25, 2025); *Nguyen v. Scott*, 2025 WL 2419288, *13 (W.D. Wash. Aug. 21, 2025); *Escalante v. Noem*, 2025 WL 2206113, *3 (E.D. Tex. Aug. 2, 2025); *Diaz-Ortega v. Lund*, 2019 WL 6003485, *7 n.6 (W.D. La. Oct. 15, 2019); *Sied v. Nielsen*, 2018 WL 1876907, *6 (N.D. Cal. Apr. 19, 2018); *Chen v. Holder*, 2015 WL 13236635, *2 (W.D. La. Nov. 20, 2015). The Court is persuaded by the reasoning in these decisions.

Additionally, the Court concludes that Respondents' re-detention of Petitioner failed to comply with 8 CFR § 241.13, thereby violating Petitioner's right to due process of law. *See, e.g.*, *Abuelhawa v. Noem*, No. 4:25-CV-04128, 2025 WL 2937692 (S.D. Tex. Oct. 16, 2025); *Salgar v. Noem*, 4:25-cv-04797 (S.D. Tex. Nov. 14, 2025). The Court is persuaded by the reasoning in these and other similar cases.

The Court **ORDERS** as follows.

1. Respondents shall release Petitioner from custody within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release.

2. Petitioner shall be released subject to his previous Order of Supervision.

3. Respondents shall update the Court on the status of Petitioner's release on or before February 2, 2026.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on January 30, 2026.

Keith P. Ellison
United States District Judge